UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY JOHNSON,<br><br>                  Plaintiff,<br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                  Defendants. | Case No. 2:20-cv-01985-RFB-VCF<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

A review of the docket indicates that Plaintiff's complaint and application to proceed *in forma pauperis* are identical to the complaint and application to proceed *in forma pauperis* that he had previously filed in Johnson v. Nevada Department of Corrections, Case No. 2:20-cv-01914-APG-BNW. The complaint in this case appears to include an additional 15 pages of exhibits, that are not included in his earlier filed case. Plaintiff's previously filed case remains open, and his complaint was recently screened. See Johnson v. Nevada Department of Corrections, Case No. 2:20-cv-01914-APG-BNW, ECF No. 4. The screening order dismissed some of Plaintiff's claims with prejudice and dismissed other claims without prejudice and with leave to amend.

Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

It does not appear from the record that Plaintiff intentionally initiated a new case using the same application to proceed *in forma pauperis* and complaint from his previous

case. This case was opened roughly two weeks after the previous case. It appears that Plaintiff may have intended to file additional exhibits in his earlier filed case and inadvertently initiated this new case. The Court dismisses this case as duplicative of his previously filed case.

### III. CONCLUSION

For the foregoing reasons, it ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint and his exhibits (ECF No. 1-2).

It is further ordered that the complaint is dismissed as duplicative of the claims made in Plaintiff's previously filed case, Johnson v. Nevada Department of Corrections, Case No. 2:20-cv-01914-APG-BNW.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of the Court close this case.

DATED THIS 2nd day of September 2021.

RICHARD F. BOULWARE, II
United States District Court